[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford-New Britain, Docket No. CR92-126460.
Yvonne Rodriguez-Shack, Esq., Defense Counsel, for Petitioner
John Dropick, Esq., Assistant State's Attorney, for the State
BY THE DIVISION:
After a plea of guilty, petitioner was convicted of the offense of manslaughter in the first degree in violation of General Statutes 53a-55(a)(2). A sentence of nine years was imposed.
The facts underlying the case indicate that the victim, an alcoholic with vicious tendencies, had a relationship with petitioner's mother. The victim had physically abused the mother on a number of occasions. This abuse had resulted in the mother suffering broken bones and the victim being arrested. Protective orders issued by the court failed to deter the victim from this abusive conduct.
Petitioner, who had been living in New London, moved in with his mother to provide some protection.
On June 11, 1992, in violation of a third protective order, the victim entered the apartment in which petitioner and his mother were residing. In so doing, he broke down what remained of the door to the apartment, having broken it in a past foray. The victim went into the mother's bedroom and commenced to assault her. Upon hearing the sounds of the assault, petitioner entered the bedroom and pleaded with the victim to stop beating his mother.
When petitioner was unsuccessful in this, he CT Page 871 indicated that he was going to call the police. He was unable to do this from the bedroom since the victim had destroyed the bedroom telephone on a previous occasion. Petitioner went into the kitchen and attempted to use the telephone there. The victim, however followed him into the kitchen ripped the telephone from the wall and destroyed it. He also threatened petitioner with a kitchen knife.
At this time, petitioner's mother fled the apartment and attempted, without success, to get neighbors to call the police. She eventually made her way to the police station where she reported the incident.
Petitioner attempted to repair the telephone but soon realized that he could not do it. At the time, he did not know where his mother had gone so he left the apartment to look for her. Unable to locate his mother, petitioner returned to the apartment. It would appear that petitioner then picked up a kitchen knife and went out of the apartment. He encountered the victim in the parking lot and threw a rock through the window of the victim's car. A fight took place in which petitioner struck the victim and stabbed him once in the chest causing his death.
Petitioner was charged with murder. After two independent psychiatrists concluded that petitioner caused the death of the victim while under the influence of extreme emotional disturbance, the charge was reduced to manslaughter in the first degree.
Petitioner's attorney requested that the sentence be reduced. The attorney claimed that the court placed too much stress on a claimed "cooling off period" of between six to ten minutes after the victim left the apartment. She argued that more stress should have been placed on petitioner's concern for his mother's safety and the victim's record for assaultive behavior.
Speaking on his own behalf, the petitioner stated that his mother met everything to him. He also stated that he understood the killing was wrong and was sorry for it.
The state's attorney argued against any reduction. He pointed out petitioner's prior criminal record which included convictions for reckless endangerment and robbery in CT Page 872 the second degree. The attorney also argued that at the time of the killing, the assault on petitioner's mother had terminated and petitioner simply took the law into his own hands and killed the victim.
In imposing sentence, the sentencing judge considered petitioner's criminal record. The judge also considered the importance of the six to ten minute "cooling off period" at which petitioner went out armed with a knife. The judge correctly pointed out that no matter how reprehensible the victim's conduct had been, no one had a right to take the law into their own hands and kill him. With respect to petitioner's criminal record, it is noted that the probation officer who prepared the presentence investigation remarked that although petitioner had been in steady trouble with the law for several years prior to the homicide, he appeared to be making strides towards improvement.
Petitioner's attorney pointed out, and the Division notes, that the "cooling off period" was not a time for calm reflection for petitioner. A part of the time was devoted to his futile attempt to repair the telephone and he was greatly concerned about the safety of his mother and where she had gone. It is significant also to note that at the time of the killing, well after the period, it was concluded that petitioner was suffering from an extreme emotional disturbance.
The offense committed here is serious, resulting in the death of a human being and parties cannot be allowed, with impunity, to take the law into their own hands and exact private revenge. Nevertheless, considering all of the factors bearing on the sentence, it must be concluded that in light of the nature of the offense and the character of the offender, the sentence is inappropriate and should be modified.
In light of the factors set forth in Practice Book 942, a sentence of seven years would be appropriate and proportionate, accordingly the sentence is modified to seven years and the matter is remanded to the trial court for resentencing.
Purtill, J.
Klaczak, J. CT Page 873
Norko, J.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.